1  Howard Holderness
   MORGAN, LEWIS & BOCKIUS LLP
2  CA Bar No. 169814
   1 Market Street, Spear Tower, 25th Floor
3  San Francisco, CA 94105
   (415) 442-1000 (Telephone)
4  (415) 442-1001 (Facsimile)

5
   Charles L. Babcock
6  JACKSON WALKER L.L.P.
   TX Bar No. 01479500
7  1401 McKinney, Suite 1900
   Houston, Texas 77010
8  **(Application for Pro Hac Vice Admission Pending.)**
   (713) 752-4200 (Telephone)
9  (713) 752-4221 (Facsimile)

10
   George L. McWilliams
11 LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
   TX Bar No. 13877000; AR Bar No. 68078
12 406 Walnut, P.O. Box 58
   Texarkana, ARK-TX 75504-0058
13 **(Application for Pro Hac Vice Admission Pending.)**
   (903) 277-0098 (Telephone)
14 (870) 773-2967 (Facsimile)

15
   Attorneys for Movants
16 CISCO SYSTEMS, INC., RICHARD FRENKEL,
   MALLUN YEN, JOHN NOH & MARK CHANDLER
17
                        UNITED STATES DISTRICT COURT
18
                       NORTHERN DISTRICT OF CALIFORNIA
19

20 ERIC M. ALBRITTON,                    Miscellaneous Action No.
       Plaintiff,                        CV 5:08-mc-80153-JW (HRL)
21
                                         **DECLARATION OF CHARLES L.**
                                         **BABCOCK IN SUPPORT OF**
22         vs.                           **DEFENDANTS CISCO SYSTEMS,**
                                         **INC., RICHARD FRENKEL, MALLUN**
23                                       **YEN, JOHN NOH & NON-PARTY**
                                         **MARK CHANDLER'S MOTION TO**
24 CISCO SYSTEMS, INC., RICHARD          **QUASH SUBPOENA**
   FRENKEL, MALLUN YEN, & JOHN
25 NOH,
       Defendants.
26

27

28

                                    1.       DECLARATION OF CHARLES L. BABCOCK IN SUPPORT OF
                                              DEFENDANTS CISCO SYSTEMS, INC., RICHARD FRENKEL,
                                              MALLUN YEN, JOHN NOH & NON-PARTY MARK CHANDLER'S
                                              MOTION TO QUASH SUBPOENA

I, CHARLES L. BABCOCK, declare and state as follows:

1. My name is Charles L. Babcock. I am over twenty-one years of age, competent in all respects and authorized to execute this Declaration. All of the matters stated herein are true and correct and are within my personal knowledge.

2. I am a partner with the law firm of Jackson Walker L.L.P. I am counsel for Cisco Systems, Inc. ("Cisco"), Mallun Yen ("Yen"), John Noh ("Noh"), and Mark Chandler in the above-titled case.

3. Attached as "Exhibit A-1" is a true and correct copy of the subpoena issued from this Court to Non-Party Google, Inc. by Eric M. Albritton ("Albritton") in the above-titled case (the "Subpoena").

4. The underlying lawsuit that forms the basis of the Subpoena involves a claim by Albritton that Richard Frenkel ("Frenkel"), a former employee of Cisco, published defamatory statements about Albritton in an October 18, 2007, posting on Frenkel's website, the Patent Troll Tracker. Albritton has sued Cisco, Frenkel, Yen, and Noh in that lawsuit.

5. Attached as "Exhibit A-2" is a true and correct copy of *Quinby v. WestLB AG*, No. 04 Civ. 7406 WHP HBP, 2006 WL 59521 (S.D.N.Y. Jan. 11, 2006).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008.

*Charles L. Babcock*
Charles L. Babcock

# EXHIBIT A-1

Case 5:08-mc-80153-JW    Document 3    Filed 09/04/2008    Page 3 of 16

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT    DISTRICT OF    CALIFORNIA

**FILED** 2008 AUG -7

V.

SUBPOENA IN A CIVIL CASE

CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

Case Number: CV 08-80153 MISC.   JW   HRL

TO: GOOGLE, INC.
1600 Amphitheatre Parkway
Mountain View, California 94043

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE  The Law Office of James A. Holmes<br>605 S. Main, Suite 203, Henderson, Texas 75654 | DATE AND TIME<br>September 5, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR _Plaintiff_) | DATE<br>8/5/08 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>James A. Holmes<br>605 S. Main, Suite 203<br>Henderson, Texas 75654<br>((03) 657-2800 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## *DEFINITIONS & INSTRUCTIONS*

1. "YOU", "YOUR" or "YOURS" refers to Google, Inc. ("GOOGLE"), including without limitation all of its corporate locations and all predecessors, subsidiaries, parents & affiliates and all past or present directors, officers, partners, associates, employees, staff members, agents, representatives, consultants, attorneys, and entities acting in joint-venture, affiliate, partnership or business relationship with GOOGLE and other acting on behalf of GOOGLE.

2. The term "DOCUMENT" is used herein in this broadest sense under the Federal Rules of Civil Procedure and applicable case law and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), archives, all non-identical copies of all documents, all drafts of final documents, all other written, printed, or recorded matter of any kind and all other data compilations from which information can be obtained that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced or stored (including with limitation computer programs and files containing any requested information), and any recording or writing as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof is a separate document.

3. The terms "REFER" or "RELATE" or any variant thereof include, but are not limited to, the following meanings: pertaining to, analyzing, assessing, compromising, concerning, containing, constituting, discussing establishing, mentioning, containing, evidencing, describing, displaying, showing, identifying, including, recording, reflecting, stating,



proving, disproving, consisting of, supporting, contradicting, in any way legally, logically, or factually connected with the matters referenced, or having tendency to prove or disapprove any matter referenced.

4. The term "COMMUNICATION" or any variant thereof means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail or any other document; and any writings memorializing any oral contact such as face to face meetings or telephone conversations.

5. The term "THE BLOGS" shall mean the internet message boards and blog sites found at www.trolltracker.blogspot.com (a/k/a the "TrollTracker") and www.patentlyo.com (a/k/a "Patently O)."

## *DOCUMENTS REQUESTED*

1. All DOCUMENTS REFRRING or RELATING to COMMUNICATIONS to or from (1) RICHARD FRENKEL a/k/a "The TrollTracker," (2) DENNIS CROUCH, individually and *sub. nom.* "Patently O," (3) MALLUN YEN, (4) JOHN NOH, (5) Mark Chandler, (6) CISCO SYSTEMS, INC. or (7) THE BLOGS regarding (1) ERIC M. ALBRITTON; (2) the filing of Civil Action No. 5:07-CV-00156, styled *ESN, LLC v. Cisco Systems, Inc.*, in the United States District Court for the Eastern District of Texas; or (3) the October 16-17, 2007 postings on www.trolltracker.blogspot.com.

2. All DOCUMENTS REFRRING or RELATING to COMMUNICATIONS with or responses posted to THE BLOGS regarding (1) ERIC M. ALBRITTON; (2) the filing of Civil Action No. 5:07-CV-00156, styled *ESN, LLC v. Cisco Systems, Inc.*, in the United States District Court for the Eastern District of Texas; or (3) the October 16-17, 2007 postings on www.trolltracker.blogspot.com.

3. All DOCUMENTS REFRRING or RELATING to user searches of the internet and/or THE BLOGS regarding (1) ERIC M. ALBRITTON; (2) the filing of Civil Action No. 5:07-CV-00156, styled *ESN, LLC v. Cisco Systems, Inc.*, in the United States District Court for the Eastern District of Texas; or (3) the October 16-17, 2007 postings on the www.trolltracker.blogspot.com including documents reflecting the number of such searches conducted between October 16, 2007 and March 1, 2008.

4. All DOCUMENTS REFRRING or RELATING to the establishment, creation, maintenance and financial support for THE BLOGS.

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF TEXAS*
*TYLER DIVISION*

| | |
|---|---|
| ERIC M. ALBRITTON, § § Plaintiff, § § v. § § (1) CISCO SYSTEMS, INC., (2) RICHARD § FRENKEL, (3) MALLUN YEN and § (4) JOHN NOH, § § Defendants. § | NO. 6:08-CV-00089 |

## PLAINTIFF'S NOTICE OF SUBPOENA

*TO ALL PARTIES AND THEIR COUNSEL OF RECORD:*

*PLEASE TAKE NOTICE* that, pursuant to Rules 30 and 45, Fed. R. Civ. P., Plaintiff will serve the attached Subpoena on the Custodian of Records for Google, Inc. ("Google") requesting production of the documents and things described in Exhibit A on or before September 5, 2008, at the offices of the undersigned Counsel of Record.

Respectfully submitted,

By: /s/
James A. Holmes
State Bar No. 00784290

*THE LAW OFFICE OF JAMES HOLMES, P.C.*

605 SOUTH MAIN, SUITE 203
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

*ATTORNEY FOR PLAINTIFF*



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Subpoena has been duly served on all parties via the electronic filing system of the Eastern District of Texas on this, the 5th day of August 2008.

/s/
James A. Holmes



# THE LAW OFFICE OF JAMES HOLMES

A PROFESSIONAL CORPORATION

BOARD CERTIFIED PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

JH@JamesHolmesLaw.com

August 5, 2008

District Clerk
U.S. District Court, Northern District of California
San Jose Division
280 South First Street
San Jose, CA. 95113

　　　Re:　Open Miscellaneous Case

Dear Sirs:

Enclosed for filing please find Plaintiff's Notice of Subpoena. I am requesting that you open a miscellaneous case so that I may serve this Subpoena. I am enclosing my firm's check in the amount of $39.00 in payment of the filing fee. Please sign the subpoena and return to my office in the self-addressed, envelope enclosed.

If you have any questions, please do not hesitate to contact my office.

Sincerely,

James A. Holmes

JAH:lt
Enclosure

# EXHIBIT A-2

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 59521 (S.D.N.Y.), 87 Empl. Prac. Dec. P 42,274

Page 1

HQuinby v. WestLB AG
S.D.N.Y.,2006.

United States District Court,S.D. New York.
Claudia QUINBY, Plaintiff,
v.
WESTLB AG, Defendant.
No. 04 Civ. 7406 WHP HBP.

Jan. 11, 2006.

OPINION AND ORDER

PITMAN, Magistrate J.

I. *Introduction*

*1 Plaintiff moves to quash two subpoenas served by defendant on Time Warner Cable of New York City ("Time Warner") and Road Runner Corp. ("Road Runner") which seek all e-mails sent to or received by plaintiff's personal e-mail account during the period from October 2002 throughout July 2004, other than e-mails between plaintiff and her current and former counsel. For the reasons set forth below, the motion is granted and the subpoenas are quashed.

II. *Facts*

The complaint in this matter alleges, in principal part, gender discrimination in violation of Title VII (Complaint ("Compl.") at ¶ 1). Plaintiff was an Associate Director/Vice President in the Equity Markets Group of WestLB from May 1999 to June 2003 and again from September 2003 to April 2004 (Compl.¶¶ 9, 44, 48, 57). Plaintiff claims, *interalia*, that similarly situated male employees were consistently given higher pay than female employees, including plaintiff, and that she was ultimately terminated because of her gender (Compl. ¶¶ 1, 65, 67, 69).

The current dispute arises from two subpoenas served by defendant on Time Warner and Road Runner. By these subpoenas, defendant seeks to obtain copies of all e-mails sent to or received by plaintiff's personal e-mail account during the period from October 2002 through July 2004, other than e-mails between plaintiff and her current and former counsel. Defendant claims that the subpoenas are appropriate because discovery to date has shown that plaintiff has not produced all the e-mails she should have produced. Specifically, defendants point to the fact that Eileen McPeake, another former employee of defendant who was deposed in this action, has produced e-mails from plaintiff that plaintiff herself has not produced. Defendants also point to a November 6, 2003 internal WestLB e-mail concerning the reinstatement of document shredders that plaintiff apparently forwarded from her office computer to her home computer but did not produce. The premise underlying defendant's argument appears to be that plaintiff's failure to produce these e-mails demonstrates that plaintiff cannot be trusted to review her own e-mails properly, and that all of plaintiff's non-privileged e-mails should, therefore, be produced, without regard to whether they relate to her claims.

Plaintiff objects to the subpoenas primarily on the ground that they are overbroad and that insufficient notice of the subpoenas was given to defendant's counsel prior to their service.

Time Warner and Road Runner, which take no position concerning the current motion, have not yet complied with the subpoenas. Both companies claim that, pursuant to the Cable Communications Policy Act of 1984, a court order is necessary to secure the production of the requested documents.

III. *Analysis*

Defendant's subpoenas are clearly overbroad and are quashed for that reason.

Except for the exclusion of e-mails to and from plaintiff's counsel, defendant's subpoenas seek all of plaintiff's personal e-mails over an almost two-year period without any limitation concerning subject matter. Assuming plaintiff's personal e-mail accounts are similar to those of most individual's, these

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 59521 (S.D.N.Y.), 87 Empl. Prac. Dec. P 42,274

Page 2

subpoenas would yield a vast amount of irrelevant material, including "spam" e-mails, internet purchase orders and confirmations, personal correspondence, confirmations of medical appointments and the whole raft of communications that are now routinely made over the internet. Although the vast majority, if not all, of this material is, no doubt, innocuous, that is not the touchstone for discovery; in order to be discoverable, the material sought must be "not privileged" and "relevant to the claim or defense of any party."Fed.R.Civ.P. 26(b)(1). Defendant's subpoenas entirely ignore the requirement that a discovery request be limited to relevant material.

*2 Moreover, defendant's contention that broad discovery is appropriate here because plaintiff has improperly withheld e-mails does not withstand analysis.

Defendant claims that the e-mails in issue were originally requested in Items 90-93 of its First Request for Production of Documents.[FN1] Defendant first claims that e-mails produced by non-party Eileen McPeake show that plaintiff has improperly withheld e-mails.

> FN1. These items seek the following documents:
>
> 90. Any and all documents including, but not limited to, correspondence, memoranda, notes, records or reports that relate to any claim or complaint of discrimination, or wrongful discipline and/or discharge made by Plaintiff at any time, at any employer, other than the Complaint.
>
> 91. Any and all documents including, but not limited to, correspondence, e-mails, memoranda, notes, records, reports, tape recordings or any other documents, which relate to any communications between Plaintiff and any current or former employee of WestLB including, but not limited to, Ms. Austin, Friedhelm Breurs, Janine Cristiano, Mr. Dodo, Phil Feurstein, Martin Graham, Terri Hess, Mr. James, Peter Jensen, Ms. McManus, Ms. McPeake, Mr. Parker and Ms. Polan, that relate to any of the allegations in the Complaint.
>
> 92. Any and all documents including, but not limited to, correspondence, e-mails, memoranda, notes, records, reports, tape recordings or any other documents, that relate to any communications between Plaintiff and any other person regarding the allegations in the Complaint.
>
> 93. Any and all documents written by Plaintiff, received by Plaintiff and/or in Plaintiff's possession, custody or control relating to any of the allegations in the Complaint.
>
> (Defendant's First Request for Production of Documents, dated February 16, 2005, ¶¶ 90-93, annexed as Exhibit 1 to the affidavit of Dawn J. Darringer, sworn to October 28, 2005).

I have reviewed the e-mails between plaintiff and McPeake submitted in defendant's opposition papers and conclude that they are not called for the Items 90-93 of Defendant's First Request for Production of Documents (*see* Ex. 4 to Darringer Aff.). The vast majority of these e-mails deal with irrelevant topics such as McPeake's infant daughter, plaintiff's efforts to install home computer technology, the technical requirements to transmit photographs by e-mail and similar irrelevant matters. The only two e-mails that come close to being requested are (1) a June 3, 2005 e-mail from plaintiff to McPeake in which plaintiff advises McPeake that a discovery ruling concerning defendant's e-mails is expected soon and (2) an e-mail from plaintiff to McPeake dated February 13 or 14, 2005 describing a February 2005 job interview plaintiff had with a company called Exane.

The former e-mail is not requested by Items 90-93. Although the e-mail relates to an event in the litigation, Items 90-93 are limited to documents concerning other complaints of discrimination by plaintiff and the allegations of the Complaint.[FN2] The June 3, 2005 e-mail does not meet either limitation.

> FN2. Defendant claims that it requested, among other things, "all electronic communications between Plaintiff and any current or former WestLB employee. (*See*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 59521 (S.D.N.Y.), 87 Empl. Prac. Dec. P 42,274

Page 3

Darringer Aff. Ex. 1, Requests Nos. 90-93)" (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Quash the Subpoenas Served on Time Warner Cable of New York City and Road Runner Corporation, dated October 28, 2005, at 1-2). Defendant is materially mischaracterizing its own requests; Requests Nos. 90-93 do not contained any unqualified request for communications between plaintiff and any current or former WestLB employee. As the language of the requests demonstrates, the relevant requests for communications between plaintiff and current or former WestLB employees are all qualified with the requirement that such communications relate to the allegations of the complaint.

In addition, the February 2005 e-mail is not within the scope of Items 90-93. Although the e-mail expresses plaintiff's reaction to the individual who conducted the interview and recounts the opinion of an unidentified third party concerning the interviewer, there is no suggestion in the e-mail by plaintiff that she believes the interviewer discriminated against her. In addition, the e-mail does not relate to the allegations in the Complaint; it mentions nothing about plaintiff's treatment at WestLB. Finally, although the subject matter of the e-mail may be relevant to the issue of mitigation, that does not make it responsive to defendant's document requests. As noted above, Items 91-93 are all limited to communications concerning the allegations of plaintiff's complaint, and plaintiff's complaint contains no allegations concerning her post-termination efforts to obtain employment. Moreover, since a failure to mitigate is an affirmative defense in an employment discrimination case, there would ordinarily be no reason for a plaintiff in such a case to address mitigation in her complaint.

Finally, in a letter dated November 14, 2005, defendant argues that plaintiff's failure to produce an internal WestLB memo that plaintiff transmitted to her personal e-mail account is further evidence that plaintiff has failed to produce all the e-mails she should have produced. Again, defendant's argument misses the mark. The e-mail in issue relates to WestLB's November 2003 reinstatement of its document shredding practices. Defendant does not even make an effort to demonstrate which of its document requests call for this document.[FN3] In the absence of some reason to believe that the document was properly requested, plaintiff's failure to produce the document cannot support an inference of discovery-related misconduct on the part of plaintiff.

> FN3. I have not independently reviewed defendant's document requests to determine if this internal WestLB document is responsive to any item. It was counsel's task to establish that this document was improperly withheld; I am not going to do counsels' work for them.

*3 Finally, to the extent defendant argues that plaintiff should be subject to broad e-mail discovery because plaintiff sought broad e-mail discovery from defendant, defendant relies on selected aspects of the history of this case and ignores the prior rulings that do not support its claim. Defendant is correct that plaintiff sought and received broad discovery of documents relayed by defendant's employees through Bloomberg's messaging platforms. Plaintiff received that broad discovery, however, only because defendant withdrew its objection to the discovery request. When plaintiff sought similarly broad discovery from defendant's in-house e-mail systems, defendant objected, the matter was discussed at great length at a conference before me on July 12, 2005 and plaintiff's e-mail discovery requests were significantly limited. The search terms I endorsed were a fraction of the search terms plaintiff originally sought. Plaintiff was never permitted to obtain over defendant's objection what defendant is seeking here- all non-privileged e-mails to or from identified individual on defendant's internal e-mail system over an almost-two-year period.

Since the foregoing demonstrates that the subpoenas to Time Warner and Road Runner are fatally flawed for substantive reasons, I do not address plaintiff's contention that the subpoenas were served with insufficient advance notice.

IV. *Conclusion*

For the foregoing reasons, plaintiff's motion for to quash the subpoenas served on Time Warner Cable of New York City and Road Runner Corporation (Docket Items 49 and 51) is granted in all respects.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 59521 (S.D.N.Y.), 87 Empl. Prac. Dec. P 42,274

Page 4

SO ORDERED

S.D.N.Y.,2006.  
Quinby v. WestLB AG  
Not Reported in F.Supp.2d, 2006 WL 59521 (S.D.N.Y.), 87 Empl. Prac. Dec. P 42,274

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.