Howard Holderness
MORGAN, LEWIS & BOCKIUS LLP
CA Bar No. 169814
1 Market Street, Spear Tower, 25th Floor
San Francisco, CA 94105
(415) 442-1000 (Telephone)
(415) 442-1001 (Facsimile)

Charles L. Babcock
JACKSON WALKER L.L.P.
TX Bar No. 01479500
1401 McKinney, Suite 1900
Houston, Texas 77010
**(Application for Pro Hac Vice Admission Pending.)**
(713) 752-4200 (Telephone)
(713) 752-4221 (Facsimile)

George L. McWilliams
LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
TX Bar No. 13877000; AR Bar No. 68078
406 Walnut, P.O. Box 58
Texarkana, ARK-TX 75504-0058
**(Application for Pro Hac Vice Admission Pending.)**
(903) 277-0098 (Telephone)
(870) 773-2967 (Facsimile)

Attorneys for Movants
CISCO SYSTEMS, INC., RICHARD FRENKEL,
MALLUN YEN, JOHN NOH & MARK CHANDLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC M. ALBRITTON,<br>   Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., RICHARD FRENKEL, MALLUN YEN, & JOHN NOH,<br>   Defendants. | Miscellaneous Action No.<br>CV 5:08-mc-80153-JW (HRL)<br><br>**DECLARATION OF WILLIAM FRIEDMAN IN SUPPORT OF DEFENDANTS CISCO SYSTEMS, INC., RICHARD FRENKEL, MALLUN YEN, JOHN NOH & NON-PARTY MARK CHANDLER'S MOTION TO QUASH SUBPOENA** |

I, William Friedman, declare and state as follows:

1. My name is William Friedman. I am over twenty-one years of age, competent in all respects and authorized to execute this Declaration. All of the matters stated herein are true and correct and are within my personal knowledge.

2. I am Senior Corporate Counsel—Legal Services at Cisco Systems, Inc. ("Cisco"). As Senior Corporate Counsel for Cisco, my responsibilities and duties include the coordination of inside and outside legal counsel employed to represent Cisco in litigation. In addition, I regularly manage communications among such legal counsel and Cisco employees. Many of these communications are conducted via e-mail on accounts maintained by Google.

3. As Senior Corporate Counsel for Cisco, I have worked with Richard Frenkel ("Frenkel"), Mallun Yen ("Yen"), John Noh ("Noh"), and Mark Chandler ("Chandler"). Frenkel was at all times material to the underlying lawsuit that forms the basis of the subpoena (the "Underlying Lawsuit") a Director, Intellectual Property—Consumer and Emerging Technologies of Cisco. Yen is and was at all times material to the Underlying Lawsuit the Vice President, Worldwide Intellectual Property of Cisco. Noh was at all times material to the Underlying Lawsuit the Senior Public Relations Manager, Corporate Communications of Cisco. Chandler is and was at all times material to the Underlying Lawsuit Cisco's General Counsel. Frenkel, Yen, and Chandler served as legal counsel for Cisco at all times material to the Underlying Lawsuit. In his capacity as Senior Public Relations Manager, Noh assisted with litigation for Cisco at all times material to the Underlying Lawsuit.

4. As employees of Cisco, Frenkel, Yen, Noh, and Chandler communicated via e-mail with inside and outside counsel for Cisco regarding legal services sought on behalf of Cisco. In particular, I am familiar with certain communications among Frenkel, Yen, Noh, Chandler, and other legal counsel employed to represent Cisco in litigation, which is or may be the subject of the subpoena. I also am familiar with certain work product prepared by Frenkel, Yen, Chandler, and/or other legal counsel employed to represent Cisco in litigation, which also is or may be the subject of the subpoena.

5.  Some or all of the material sought by the subpoena concerns confidential communications between Cisco and its lawyers regarding legal advice sought on behalf of Cisco for the purpose of protecting its legal rights. Accordingly, the subpoena seeks to compel the disclosure of material protected by Cisco's attorney-client privilege, a privilege that Cisco has not waived.

6.  Moreover, some or all of the material sought by the subpoena concerns the impressions, opinions, conclusions, legal theories, and research prepared by Cisco's lawyers for the purpose of protecting Cisco's legal rights in litigation or in anticipation of litigation. Accordingly, the subpoena seeks to compel disclosure of material protected by the work product doctrine, a protection that has not been waived.

7.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008.

William Friedman