

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Boulevard, Suite 900*     DD: (408) 535-5061
*San Jose, California  95113*              FAX:(408) 535-5066

February 13, 2009

Hon. Susan Illston
United States District Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

        RE: Government's Position on Jury Questionnaire in
           United States v. Bonds
           CR 07-0732-SI

Dear Judge Illston:

      The government respectfully submits this letter brief outlining the government's position with respect to certain jury questions proposed by the defense, and to request the inclusion of two questions in the questionnaire.

### The Government's Objections

      **1)**  Have you, an immediate family member or close friend ever suffered from a substance problem?

      If yes, would that experience make it difficult for you to serve as an impartial juror in this case?

      **Government Objection**: This question is irrelevant to the charges in this case.  The charges in this case concern false statements to a grand jury and obstruction of justice.  Despite evidence that the defendant used steroids, this question is inappropriate.

      **2)**  How would you rate the honesty of professional athletes on a scale of 1 to 10, with 1 not being very honest and 10 being very honest?

      **Government Objection**: This question is irrelevant, it improperly invites speculation, and it is argumentative, in that it requires prospective jurors to quantify something as immeasurable as "honesty".  The juror's general opinions about athletes' honesty is not relevant to their evaluation of the evidence in this case.  This question also invites jurors to think about the core issue in the case, *i.e.* Bonds's honesty in the grand jury without hearing any evidence.  Furthermore, it improperly presents the defense theory to the venire in the form of a question.

dockets.Justia.com

**3)** This question, in part, requests that the prospective juror express their opinion about Congressional hearings regarding steroid use in Major League Baseball. The government did not object to a question asking about a juror's knowledge about the hearings.

**Government Objection**: The opinion portion of this question is irrelevant. The jurors' opinions about the actions of Congress in conducting hearings on steroid use in baseball have nothing to do with the Justice Department's prosecution in this case.

**4)** How strongly do you agree with the statement, "The legal system is rigged in favor of the wealthy and famous."

**Government Objection**: This question improperly focuses the prospective juror's attention on the irrelevant facts of Bonds's wealth and fame. The question invites jurors to give special consideration to these factors, which have no bearing on the matters at issue in the case. The question further invites jurors to consider the question of special treatment for celebrities.

**5)** Have you ever discussed this case, in person or on-line, or have you heard anyone else say anything about this case?

**Government Objection**: This question is overbroad. Requiring a person to delineate each instance they had any discussion ever about a case with publicity such as this one, over a period of several years, is unrealistic and sets up the prospective jurors to be either inaccurate or so vague as to be useless. Whether they had such a discussion has no bearing on whether the individual can fairly sit as a juror.

**6)** Please describe what impressions, feelings, or opinions you have formed about Mr. Bonds's innocence or guilt at the present time.

**Government Objection**: The government objects to this question because it improperly invites the jurors to describe their views on Bonds's innocence or guilt, which is the ultimate question at trial, without hearing any evidence in this case. The question is also vague, in that it does not specify what matter the innocence or guilt pertains to (steroid use? lying to the public? lying to the grand jury?).

**7)** Have you heard, read or seen anything about similar cases concerning steroid use by athletes?

**Government Objection:** This question focuses on an irrelevant topic, steroid use by athletes. The relevant inquiry in this case is whether the defendant lied to a grand jury, not whether athletes use steroids.

**8) Question about Alex Rodriguez:** The government understands from discussions with defense counsel that the defense is requesting a question inquiring into whether jurors have heard about baseball player Alex Rodriguez's recent admissions about steroid use.

**Government Objection:** The government objects to this question as irrelevant and improper, as it invites the jury to consider another athlete's steroid use which has no relationship or bearing to the facts in this case.

**Government's Proposed Questions:**

The government has proposed the following two questions be added to the questionnaire. The defense objects to these questions. The government respectfully requests their inclusion in the questionnaire.

**1)** Do you feel that all witnesses should be subject to the laws which prohibit a person from lying to a grand jury and obstructing justice?

**2)** Are there any circumstances under which you believe a person who lies to a grand jury or obstructs justice should not be prosecuted?

Respectfully Submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
MATTHEW A. PARRELLA
JEFFREY D. NEDROW
JEFFREY R. FINIGAN
J.DOUGLAS WILSON
Assistant United States Attorneys