ALLEN RUBY (SBN 47109)
LAW OFFICES OF ALLEN RUBY
125 South Market Street #1001
San Jose, CA 95113
Telephone: (408) 998-8500 ext. 204
Facsimile: (408) 998-8503

CRISTINA C. ARGUEDAS (SBN 87787)
TED W. CASSMAN (SBN 98932)
MICHAEL W. ANDERSON (SBN 232525)
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472

Attorneys for Defendant
BARRY LAMAR BONDS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 07 0732 SI |
| Plaintiff, | **DEFENDANT'S MEMORANDUM ON THE ADMISSIBILITY OF GREG ANDERSON'S REFUSAL TO TESTIFY** |
| vs. | |
| BARRY LAMAR BONDS, | |
| Defendant. | |

## INTRODUCTION

Greg Anderson has refused to testify at Mr. Bonds's trial. The government previously indicated to the Court that it will seek to place before the jury Anderson's silence, either by having Anderson refuse to testify in front of the jury, or by introducing other evidence of that refusal. The government apparently intends to argue that the jury can infer that Anderson's refusal constitutes an implied admission that his testimony would have been harmful to Mr.

**Defendant's Memorandum Re:**
**Anderson Refusal To Testify** -1-

1  Bonds.

2  As explained below, evidence of the Anderson refusal is plainly inadmissible under the
3  Confrontation Clause and the ban on hearsay contained in the Federal Rules of Evidence.  Were
4  it not, its exclusion would still be mandated by Rule 403's prohibition on the admission of
5  evidence of little probative value whose admission would result in a waste of the Court's time.

6  **A.    The Confrontation Clause Barrier**

7  As to calling Anderson before the petit jury, as the Supreme Court made clear in *Douglas
8  v. Alabama*, 380 U.S. 415 (1965), the government's tactic would violate the Confrontation
9  Clause.  In fact, this case is squarely controlled by *Douglas*, where a co-defendant named Loyd
10 was called by the state to testify against the defendant.  Loyd had already been tried and found
11 guilty, so he had no valid claim of privilege.  Despite threatened contempt sanctions, he
12 nonetheless persisted in his refusal to testify.  *Id*. at 416-17 & n.1.

13 In the presence of Douglas's jury, the prosecutor called Loyd to the stand, and asked him
14 a series of questions, which Loyd refused to answer.  The Supreme Court held that such a tactic
15 violates the Confrontation Clause. *Id*. at 420 ("Loyd could not be tested by cross-examined on a
16 statement imputed to but not admitted to him.")  Critically, the Court held that Douglas's
17 Confrontation Clause rights were violated regardless of the invalidity of Loyd's privilege claim.
18 *Id*. at 420 ("We need not decide whether Loyd properly invoked the privilege in light of his
19 conviction.")

20 Two years earlier, the Court had held that prosecutorial misconduct occurs "when the
21 Government makes a conscious and flagrant attempt to build its case out of inferences arising
22 from use of the testimonial privilege." *Namet v. United States*, 373 U.S. 179, 186 (1963).
23 *Douglas* then held that the same problem can arise even where the witness does not have a valid
24 claim of privilege.  Lower courts have repeatedly reiterated the same point since.  As the Tenth
25 Circuit put it, "Misconduct may yet arise if the prosecution continues to question a witness once
26 her consistent refusal *(legitimate or otherwise)* to testify has become apparent." *United States v.
27 Torrez-Ortega*, 184 F.3d 1128, 1137 (10th Cir. 1999) (emphasis added).

28 The Confrontation Clause guarantees a defendant's right to cross-examine witnesses

against him.  When a government witness refuses to answer questions, the defendant is unable to exercise his rights.  *See United States v. Owens*, 484 U.S. 554, 561-62 (1988).  When the prosecution calls a witness to the stand knowing he will not testify, it commits misconduct. Thus, if the government is aware that Anderson will not testify, it may not call him to the stand.

### B. Admissions by Silence and Hearsay

The government fares even worse if it attempts to place in evidence Mr. Anderson's having refused to testify outside the presence of Mr. Bonds' petit jury, either before the grand jury or at a hearing before this Court. The government's theory would be that by refusing to answer questions, Anderson implicitly admitted guilt, both his own and Mr. Bonds's.  But that theory relies on a hidden hearsay inference, because silence is a form of assertive nonverbal conduct, which is included in the definition of hearsay.  *See* Fed. R. Evid. 801(a)(2) and (c); *see also McCormick on Evidence* § 264 (discussing the doctrine of "admissions by silence" as hearsay).

There is, of course, a hearsay exclusion for admissions by silence: Rule 801(d)(2)(B). That provision states that if a party adopts a statement of another, that statement can be admitted against the party.  Case law demonstrates that in certain circumstances, a party may manifest belief in a statement, and thus adopt it, by silence.  *See United States v. Schaff*, 948 F.2d 501, 505 (9th Cir. 1991).

But 801(d)(2)(B) does not apply here for two reasons.  First, by its plain terms, 801(d)(2)(B) covers only admissions by the party himself — it does not allow admissions by silence *of a third party* to be admitted against a party.  Second, the Ninth Circuit has held that 801(d)(2)(B) does not cover the failure to testify in grand jury proceedings. "[D]eclining an invitation to testify in front of the grand jury simply does not constitute an admission by silence." *United States v. Hove*, 52 F.3d 233, 237 (9th Cir. 1995), overruled on other grounds by *Roy v. Gomez*, 81 F.3d 863, 866 (9th Cir. 1996)).

An out-of-court admission by silence is a form of hearsay.  Evidence that Anderson refused to cooperate with the government's investigation, if offered to prove that his silence constituted an admission of either his culpability or his desire to assist Mr. Bonds, is hearsay. It

is not admissible under Rule 801(d)(2)(B) or any other hearsay exclusion or exception. It is therefore inadmissible under Rule 802.[1]

**C.    Rule 403**

The time required for the presentation of all evidence concerning Anderson's refusal must be weighed against the probative value of the refusal, which is minimal. As the Supreme Court has held, "In most circumstances silence is so ambiguous that it is of little probative force." *United States v. Hale*, 422 U.S. 171, 176 (1975); *see also Doyle v. Ohio*, 426 U.S. 610, 617 (1976) ("every post-arrest silence is insolubly ambiguous . . . .").

As with other contentions it has made concerning Anderson and his purported hearsay statements, the government's claim for the admission of Anderson's refusal to testify will be fueled by its faith in the rectitude of its position. In the government's view, Anderson's silence proves that his testimony would incriminate Mr. Bonds because there can be no other explanation, reasonable or otherwise, for Anderson's obduracy. Mr. Bonds would not have been charged were he innocent, and thus the refusal of a witness like Anderson to testify in support of the government's case can only be explained by a desire to protect the guilty.

Contrary to the government's view of its case, there are clearly alternative inferences that

---

[1] Nor can the government argue that Anderson is a "missing witness' as to whom it may argue an inference adverse to the defendant. *See Graves v. United States*, 150 U.S. 118, 121 (1893); *See* Ninth Circuit Model Criminal Jury Instructions 4.16.

The adverse inference from a missing witness may only be drawn against a party only if "the witness is peculiarly within the party's control." *United States v. Noah*, 475 F.2d 688, 691 (9th Cir. 1973). The government has the power to call Anderson — his evidence is not "peculiarly within the power" of the defendant. *See United States v. Brutzman*, 731 F.2d 1449, 1454 (9th Cir. 1984) ("Where a witness' unavailability results from an invocation of the privilege against self-incrimination, the witness is unavailable to both parties, and the court's refusal to give an absent witness instruction is proper.").

Moreover, "the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence." *United States v. Tisor*, 96 F.3d 370, 377 n.9 (9th Cir. 1996) (quoting the standard "missing witness" instruction, from 1 Devitt and Blackmar, *Federal Jury Practice and Instructions* § 14.15 (4th ed. 1992)).

In short, under well-settled Ninth Circuit law, the government is not entitled to argue an adverse "missing witness" inference against Mr. Bonds based on Mr. Anderson's refusal to testify.

could be drawn reasonably from Anderson's silence. Anderson no doubt feels abused by the government's treatment of him and his family, including his own lengthy incarceration and the threats to imprison his wife and mother in law. That being so, he may distrust the prosecution's willingness to accept even truthful testimony on his part that does not conform to the government's theory of the case. He may conclude that the risk of a contempt citation is better than the risk of a bad faith perjury prosecution. Or it may well be that while his testimony would assist Mr. Bonds, Anderson's hatred of the government at this point in his mind outweighs whatever good he could do for his former client.

If the government were permitted to place Anderson's refusal to testify before the jury in order to argue the inference it favors, Mr. Bonds would certainly be entitled to introduce the evidence that supports a different explanation for Anderson's silence. That evidence encompasses the government's harassment of Anderson's family, which, according to press accounts, included sending an undercover agent to surreptitiously record workout sessions with Mr. Anderson's wife, who is a personal trainer. The resulting "mini-trial" concerning the collateral matter of Anderson's motivation would dwarf the real issues before the Court.

## CONCLUSION

For the reasons stated above, the prosecution should be precluded from introducing evidence of Mr. Anderson's refusal to testify.

Dated: February 27, 2009              Respectfully submitted,

                                      LAW OFFICES OF ALLEN RUBY

                                      ARGUEDAS, CASSMAN & HEADLEY, LLP

                                      RIORDAN & HORGAN


                                      By   /s/ Dennis P. Riordan
                                              Dennis P. Riordan

                                      By   /s/  Donald M. Horgan
                                              Donald M. Horgan

                                      Counsel for Defendant
                                      Barry Lamar Bonds