1  ALLEN RUBY (SBN 47109)
   LAW OFFICES OF ALLEN RUBY
2  125 South Market Street #1001
   San Jose, CA 95113
3  Telephone: (408) 998-8500 ext. 204
   Facsimile: (408) 998-8503
4
   CRISTINA C. ARGUEDAS (SBN 87787)
5  TED W. CASSMAN (SBN 98932)
   MICHAEL W. ANDERSON (SBN 232525)
6  ARGUEDAS, CASSMAN & HEADLEY, LLP
   803 Hearst Avenue
7  Berkeley, CA 94710
   Telephone: (510) 845-3000
8  Facsimile: (510) 845-3003

9  DENNIS P. RIORDAN (SBN 69320)
   DONALD M. HORGAN (SBN 121547)
10 RIORDAN & HORGAN
   523 Octavia Street
11 San Francisco, CA 94102
   Telephone: (415) 431-3472
12
   Attorneys for Defendant
13 BARRY LAMAR BONDS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 07 0732 SI |
|---|---|
| Plaintiff, | ) **DEFENDANT'S MEMORANDUM ON** |
| | ) **DISTRICT COURT'S DISCRETION TO** |
| vs. | ) **DENY STAY OF PROCEEDINGS** |
| | ) **PENDING GOVERNMENT APPEAL** |
| BARRY LAMAR BONDS, | ) |
| Defendant. | ) |

On the eve of Mr. Bonds' trial, the government has informed the Court that it will appeal an order of the Court issued eight days ago excluding certain evidence from admission. The government correctly notes that it has a right to an interlocutory appeal of that order under 28 U.S.C. section 3731, and on that basis claims a right to an automatic stay of trial proceedings. But halting those proceedings, scheduled to begin on Monday morning, will result in a waste of considerable judicial resources already expended in the jury selection process. Furthermore, it

-1-

will frustrate Mr. Bonds' interest in now putting this matter, alleging offenses occurring more than five years ago, behind him once and for all.

At this morning's proceedings, the government argued that the Court essentially has no discretion to deny a stay because an appeal would divest the court of jurisdiction to proceed with the trial. Contrary to the prosecution's claim and notwithstanding the appeal, however, this Court does in fact, retain jurisdiction and with it, the discretionary power to deny a stay. As the Ninth Circuit explained in *United States v. Gatto*, 763 F.2d 1040 (9th Cir.1985), although a notice of appeal usually divests the district court of jurisdiction, "[s]ection 3731 appeals . . . are not usual." *Id.*, at 1049. Accordingly,

> The government has a conditional right [under section 3731] to appeal [an order suppressing evidence], *but the exercise of this right may result in a disruptive effect on the criminal trial process, therefore harboring a potential for abuse. As a result, the government's right to appeal pretrial suppression orders must be balanced with a defendant's right to proceed to trial on the indictment. This can best be accomplished . . . by retaining jurisdiction in the district court to dismiss the indictment in appropriate cases.*

*Gatto*, 763 F.2d at 1050 (emphasis added; internal citation omitted)

If the Court enters a dismissal order, the government will have the right to appeal both the February 19th exclusionary order and the dismissal order itself. If it prevails, as it did in *Gatto*, it will be able to proceed to trial with all of its intended evidence, so its right to a meaningful appeal will be fully preserved. On the other hand, the prosecution's last-minute decision to proceed with the appeal obviously has a disruptive effect on this Court's proceedings. The harm to defendant's interest in obtaining a timely resolution to the case is equally apparent. If the Court dismisses the case and its exclusionary and dismissal orders are sustained, the matter will be laid to rest without further expenditure of this Court's resources or prejudice to the defendant's interest in a speedy trial.

//
//
//
//

**CONCLUSION**

The Court should deny any stay request and, should the prosecution decline to proceed in light of the exclusionary order, enter an order dismissing the indictment.

Dated: February 27, 2009

Respectfully submitted,

LAW OFFICES OF ALLEN RUBY

ARGUEDAS, CASSMAN & HEADLEY, LLP

RAINS, LUCIA & WILKINSON, LLP

RIORDAN & HORGAN

By /s/ Dennis P. Riordan
    Dennis P. Riordan

By /s/ Donald M. Horgan
    Donald M. Horgan

Counsel for Defendant
Barry Lamar Bonds